IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LESSTER JOAN PEREZ BAIDE,<br>DHS File No. A# 244-836-053,<br><br>    *Petitioner*,<br><br>V.<br><br>MIGUEL VERGARA, Field Office Director,<br>San Antonio District Office of Detention<br>and Removal, U.S. Immigration and Customs<br>Enforcement, U.S. Department of Homeland<br>Security, in his official capacity and his<br>succors and assigns, *et al.*,<br><br>    *Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-02838-FB |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Lesster Joan Perez Baide's ("Petitioner") Writ of Habeas Corpus and Request for Release from Detention ("Petition") (ECF No. 1), the Federal Respondents' ("Respondents") response (ECF No. 3), and Petitioner's reply (ECF No. 4 ).  The relevant facts are undisputed and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas.  Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

Petitioner entered the United States on December 7, 2024, and upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner.  ICE detained Petitioner again "in approximately April 2026."  (ECF No. 1 at page 2).

**DISCUSSION**

In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas addressing whether Petitioner's detention violates due process and note any material factual differences. In their response, Respondents state that this case materially differs from those frequently filed before the Court because Petitioner "presented himself at a port of entry, as opposed to entering without inspection between ports of entry." (ECF No. 3 at page 2, fn 3). Courts considering the issue have found that, in a case like this where a non-citizen entered the United States through a port of entry and was released, the non-citizen may bring a due process claim. *See Barreno v. Vergara*, No. 1:26-CV-00776-DAE (ECF No. 11 at pages 6-9) (W.D. Tex. Apr. 29, 2026) (collecting cases).

The Court has considered whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated

Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus and Release from Detention (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Lesster Joan Perez Baide from custody, under reasonable conditions of supervision, to a public place no later than **May 26, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **May 27, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 20th day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

-3-